

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NEWTON & ASSOCIATES, L.L.C.** | * | **CIVIL ACTION NO.** 08-4558 |
| | * | |
| **VERSUS** | * | **SECTION:** SECT. S MAG. 2 |
| | * | |
| **SANDRA R. SANCHEZ** | * | **MAGISTRATE:** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PETITION TO VACATE ARBITRATION AWARD
## AND ALTERNATIVE REQUEST FOR OTHER RELIEF

Newton & Associates, L.L.C., through its counsel of record, pursuant to 9 USC §1, *et seq.* (Federal Arbitration Act or FAA) and any other applicable law, submits the following application and motion to vacate the September 26, 2008 arbitration award otherwise described herein:

### Parties

1.     Newton & Associates, L.L.C. ("Newton") is a Louisiana corporation with its principal place of business in Metairie, Louisiana, and was the respondent in the underlying arbitration proceeding.

2.      Sandra R. Sanchez ("Sanchez") is a resident of the full age of majority of the State of Louisiana, Parish of Jefferson, and was the claimant in the underlying arbitration proceeding.

## Jurisdiction and Venue

3.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1331 and other applicable laws because Newton is asserting challenges and objections to a September 26, 2008 arbitration award involving claims arising under Title VII (42 USC § 2000 et seq.), and the laws of the United States and because the adjudication of these issues will require the resolution of substantial questions of federal law.

4.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1331 and 9 USC §1, *et seq.*

5.      This Court has supplemental jurisdiction over any other claims pursuant to 28 U.S.C. § 1367 and any other applicable law.

6.      Venue is proper in this district pursuant to 9 U.S.C. §10 and 9 U.S.C. §11 because the Arbitrator rendered the decision in New Orleans, Louisiana, which is within this district.

7.      Venue is proper within this district pursuant to 28 U.S.C. §1391 because Sandy Sanchez resides within this district.

## Application to Vacate Arbitration Award

8.      On September 26, 2008, the American Arbitration Association (AAA) issued an award by the Arbitrator in the matter entitled "Sandy Sanchez v. Newton & Associates, L.L.C.," AAA No. 69 460 00541 04. (Exhibit A).

2

9.     During the arbitration proceedings and in rendering the award, the Arbitrator engaged in misconduct that prejudiced Newton.   The Arbitrator exceeded his powers and authority, consciously and manifestly disregarded applicable law, violated public policy, made manifest miscalculations of awards, rendered an award on matters not submitted by Sanchez, issued an arbitrary and capricious award, and failed to apply and uphold Newton's federal and state constitutional rights and other protections, all of which violate applicable law.

10.     The Arbitrator exceeded his authority under 9 USC § 10(a)(4).

11.     The Arbitrator breached and failed to follow AAA rules and procedures in the administration of these proceedings in violation of the Newton's constitutional, statutory and other rights and protections.

12.     As allowed by the 9 U.S.C. §§ 10 and 11, the federal and/or state constitutions, and any other applicable law, Newton requests that the Court vacate the September 26, 2008 award for the non-exclusive reasons that are briefly set forth herein and as will be more particularly described in memoranda to be filed in connection with the Court's consideration of these matters.

13.     The Court should vacate the award because:

a.   An award of nearly $119,000 in attorney's fees to a party that was not a prevailing party is contrary to the clear law and public policy considerations governing this issue, which the arbitrator consciously disregarded;

b.  The Arbitrator deliberately disregarded the law by accepting and awarding attorney's fees that were facially inaccurate, unreasonable, unsupported, and excessive;

3

c.  The Arbitrator committed manifest disregard of the law by awarding attorney's fees for clerical and non-billable work, expenses incurred by others, and for work performed in matters where Newton clearly prevailed;

d.  The Arbitrator exceeded his powers and duties by improperly becoming an advocate for Sanchez, supplying and proposing litigation theories for Sanchez and granting an award based in part on sexual harassment, a matter not submitted for arbitration. This conduct resulted in a breach of the Arbitrator's oath to conduct a fair and impartial proceeding and violated his ethical and other duties as an Arbitrator. By doing so, the Arbitrator violated fundamental fairness, due process, and other rights and protections available to Newton under federal and state law.

e.  The Arbitrator improperly awarded injunctive relief where there was no evidence of a real and actual risk of future violations.  Additionally, the Arbitrator actually issued an injunction against Coface Collections North America, a non-party and an entity for whom Sanchez never worked;

f.  As no actual "injunctive relief" was provided, it was manifestly erroneous for the Arbitrator to consider such "relief" to justify an award to Sanchez's counsel of attorney's fees;

g.  Under Louisiana law, an award of attorneys' fees is penal in nature and punitive and is therefore subject to federal and state rights and protections.  The award of nearly $119,000 in punitive damages manifestly disregards applicable law and public policy, where it is awarded against the prevailing party, which was found to have terminated Sanchez for legitimate business reasons.

4

h. Awarding nearly $119,000 to an attorney who only recently entered the proceedings, who participated in only one witness deposition, answered only three interrogatories and produced a limited amount of documents and achieved no monetary success whatsoever for his client is excessive and a manifest disregard for every legal standard that controls an award of attorney's fees in Title VII cases.

14. The federal district courts and courts of appeals are charged with the obligation to exercise sufficient judicial scrutiny to ensure that arbitrators comply with their duties and the requirements of the statutes.

## **Motion to Stay Award**

15.    Newton moves to have the Arbitrator Award stayed until this Petition to Vacate Arbitration Award is resolved.

## **Alternative Request for the Court to Determine Reasonable Fees or Other Relief**

16.    Alternatively, should the Court determine that reasonable attorney's fees are authorized and warranted under applicable law, Newton moves the Court for calculation of reasonable fees and expenses pursuant to public policy, the governing "lodestar method," Johnson factors and other governing legal standards, which will be more particularly described in memoranda to be filed in connection with the Court's consideration of these matters.

17.    Remanding the matter to the Arbitrator for further consideration is not appropriate and not judicially efficient.

5

18.    Alternatively, Newton seeks such other relief as the Court deems just and appropriate under the circumstances, or as may be allowed by any applicable law, and requests that the Court modify the Arbitrator's Award to promote justice between the parties.

19.    Pursuant to 9 USC § 13, Newton is attaching as "Exhibit B" a copy of:

   a.    The arbitration agreement executed between the parties in this matter,

   b.    The Arbitration Award(s) and;

   c.    Each notice, affidavit or other paper and a copy of each order of the court upon such application.

**WHEREFORE** Newton & Associates, L.L.C., requests that the Court enter a judgment vacating and staying execution of the September 26, 2008 arbitration award of attorney's fees. Alternatively, if the Court finds that reasonable attorney's fees are due under law the circumstances, Newton requests that the Court determine the amount of reasonable attorney's fees and render such other relief as the Court may deem just and appropriate under the circumstances to promote justice between the parties.

Respectfully submitted:

**W. PAUL ANDERSSON (#2474)**
**WENDY L. ROVIRA (#27651)**
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163
Telephone: (504) 585-7500
Facsimile: (504) 585-7775
Email: pandersson@leakeandersson.com
       wrovira@leakeandersson.com

*Attorneys for Newton & Associates, L.L.C.*

6

**<u>PLEASE SERVE:</u>**

**SANDRA R. SANCHEZ**
2540 Jarrot Drive
Marrero, LA  70072