UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **NEWTON & ASSOCIATES, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4558** |
| **SANDRA R. SANCHEZ** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Sandy R. Sanchez's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" is **GRANTED,** and the case is **DISMISSED**.  (Documents #4 and #14.)

## BACKGROUND AND DISCUSSION

The underlying facts are found in the court's Order and Reasons remanding the case to state court in Newton & Association , L.L.C., Civil Action No. 08-4656.  Sanchez argues that the court lacks subject matter jurisdiction because the parties are not diverse, and there is no other basis for federal jurisdiction.

 "Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case."   Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).   "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot

prove any set of facts in support of his claim that would entitle plaintiff to relief." Id.

"The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 103 S.Ct. 927, 942 n.32 (1983). "Section 10 of the Federal Arbitration Act (FAA), 9 U.S.C. § 10 allowing federal district courts to vacate arbitration awards does not confer upon federal district courts subject matter jurisdiction." Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 136 (2d Cir. 2002). "There must be an independent basis of jurisdiction before a district court may entertain petitions under the Act." Id.

Under limited circumstances, the non-statutory ground for vacatur of an arbitration award, if it was made in manifest disregard for the law, may provide subject matter jurisdiction to review the arbitrator's decision. See Williams v. Cigna Financial Advisors, Inc., 197 F.3d 752, 758-59 (5th Cir. 1999). "Manifest disregard means more than error or misunderstanding with respect to the law." Brabham v. A.G. Edwards & Sons, Inc., 376 F.3d 377, 381 (5th Cir. 2004) (internal quotation and citation omitted). "The arbitrators must have appreciate[d] the existence of a clearly governing principle but decided to ignore or pay no attention to it." Id. (internal quotation and citation omitted). "Furthermore, the governing law ignored by the arbitrators must be well defined, explicit, and clearly applicable." Id. (internal quotation and citation omitted).

As discussed in Newton & Association , L.L.C., Civil Action No. 08-4656, the record

does not reflect that the arbitrator's award was made in manifest disregard for the law; therefore, there is no basis for subject jurisdiction. Accordingly, it appears certain that Newton cannot prove any set of facts in support of its claim that would entitle it to relief, and Sanchez's motion to dismiss for lack of subject matter jurisdiction is granted.

New Orleans, Louisiana, this  22nd  day of December, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**